BRYANT, Judge.
 

 *686
 
 Where the sentencing statute states that a Class 1 misdemeanor under the Controlled Substances Act "shall be punished as a Class I felon[y]" where the misdemeanant has committed a previous offense
 
 *687
 
 punishable under the Act, the sentencing statute acts to enhance punishment for a misdemeanor offense and is not a separate felony. Accordingly, we reverse the trial court's judgment sentencing defendant as a Class E felon.
 

 On 27 October 2014, a grand jury sitting in Transylvania County indicted defendant William Sheldon Howell on the charge of,
 
 inter alia
 
 , attaining habitual felon status. On 15 June 2015, defendant was further indicted on charges of possession of marijuana over one-half ounce but less than one-and-one-half ounce, a Class 1 misdemeanor, and of having been previously convicted of any offense in violation of the Controlled Substances Act.
 

 *899
 
 On 9 December 2015, defendant entered into a plea agreement with the State: defendant pled guilty to the Class 1 misdemeanor possession of marijuana, acknowledged the prior conviction of a drug offense in violation of the Controlled Substances Act which subjected defendant to an enhanced punishment, and acknowledged attaining habitual felon status. Other pending charges were dismissed. Before accepting defendant's plea, the court engaged defendant in the following discussion regarding his sentencing exposure:
 

 THE COURT: I had a conference on Monday with [defense counsel] and [the prosecutor] concerning the charges against you. And [defense counsel] was arguing that the way the statute [punishing possession of marijuana greater than one-half ounce but less than one and one-half ounces] was worded ... [an enhanced sentence due to a prior controlled substance conviction should be interpreted as] a Class 1 misdemeanor punished as a felony, not really a felony but just punished as a felony. ...
 

 ...
 

 I'm going to go over the charges. The possession of marijuana greater than one-half ounce but less than one-and-one-half ounces is a Class 1 misdemeanor with a possible maximum sentence of 120 days in prison, but there's no mandatory minimum sentence. Do you understand that charge?
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: Now, because you have the prior convictions for controlled substances that Class 1 misdemeanor can be punished as a Class I felony. And that has a possible
 
 *688
 
 maximum sentence of 24 months in prison, but there's no mandatory minimum sentence. Do you understand that, I'll say, enhanced punishment?
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: ... [B]ecause you've obtained the status of habitual felon, the Class I felony can be punished as a Class E felony with a possible maximum sentence of 88 months in prison, but no mandatory minimum sentence. ...
 

 Do you understand that now?
 

 THE DEFENDANT: Yeah, I understand that. Yes, sir.
 

 Defendant entered a plea of guilty to the Class 1 misdemeanor possession of marijuana offense, admitted he had a prior drug conviction that would enhance the punishment, and acknowledged that he had attained habitual felon status. The trial court accepted defendant's plea and entered a consolidated judgment on the charges.
 

 THE COURT: All right. Madam Clerk, a Class 1 misdemeanor, but I will say for the record I'm treating it as a Class I felony because of the prior conviction. And that Class I felony because of the habitual felon status is punished as a Class E felony.
 

 Defendant was sentenced to an active term of 29 to 47 months, which the court suspended and placed defendant on supervised probation for a period of 36 months. Defendant appeals.
 

 _________________________
 

 Pursuant to North Carolina General Statutes, section 15A-1444,
 

 [a] defendant who has entered a plea of guilty or no contest to a felony or misdemeanor in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed: ... (2) Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 ["Punishment limits for each class of offense and prior record level" (felony) ] or G.S. 15A-1340.23 ["Punishment limits for each class of offense and prior conviction level" (misdemeanor) ] for the defendant's class of offense and prior record or conviction level[.]
 

 *689
 
 N.C. Gen. Stat. § 15A-1444(a2) (2015). As defendant challenges the sentence imposed on the basis that such is not authorized by G.S. §§ 15A-1340.17 or 15A-1340.23, this appeal is properly before this Court.
 

 On appeal, defendant argues that the trial court erred by enhancing his sentence for misdemeanor possession of marijuana to a Class I felony based on a prior conviction and then to a Class E felony based on defendant's habitual felon status. We agree.
 

 Per his plea agreement, defendant pled guilty to a Class 1 misdemeanor,
 
 see
 
 N.C. Gen. Stat. 90-95(d)(4)
 

 *900
 
 , and acknowledged a prior conviction for an offense also punishable under the Act. On appeal, defendant contends that the Controlled Substances Act (the Act) does not elevate the
 
 offense
 
 of a Class 1 misdemeanor to a Class I felony. Instead, rather, where a defendant commits a Class 1 misdemeanor and has a prior conviction in violation of the Act, the Class 1 misdemeanor is simply enhanced and the offense sentenced as a Class I felony. In support of his proposition, defendant cites
 
 State v. Priddy
 
 ,
 
 115 N.C.App. 547
 
 ,
 
 445 S.E.2d 610
 
 (1994) (habitual impaired driving), and
 
 State v. Smith
 
 ,
 
 139 N.C.App. 209
 
 ,
 
 533 S.E.2d 518
 
 (2000) (habitual misdemeanor assault).
 

 In
 
 Smith
 
 , the defendant challenged the sentence imposed upon him after being convicted of two counts of habitual misdemeanor assault and attaining habitual felon status.
 
 139 N.C.App. 209
 
 ,
 
 533 S.E.2d 518
 
 . The defendant argued that the habitual misdemeanor assault offense did not create a substantive offense but merely conferred a status upon the defendant for the purpose of enhancing punishment.
 
 Id.
 
 at 212,
 
 533 S.E.2d at 519
 
 . The
 
 Smith
 
 Court looked to the wording of the habitual misdemeanor assault statute.
 

 A person
 
 commits the offense of
 
 habitual misdemeanor assault if that person violates any of the provisions of G.S. 14-33(c) or G.S. 14-34 and has been convicted of five or more prior misdemeanor convictions, two of which were assaults. A person convicted of violating this section is guilty of a Class H felony....
 

 Id.
 
 at 213,
 
 533 S.E.2d at 520
 
 (alteration in original) (quoting
 
 N.C. Gen. Stat. § 14-33.2
 
 ). The
 
 Smith
 
 Court noted similar language in the habitual impaired driving statute, General Statute section 20-138.5. "A person
 
 commits the offense of
 
 habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in G.S. 20-4.01(24a)
 

 *690
 
 within seven years of the date of this offense."
 

 Id.
 

 (alteration in original) (quoting
 
 N.C. Gen. Stat. § 20-138.5
 
 (a) ). The Court contrasted the language of these two statutes with that of the habitual felon statute: "Any person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof
 
 is declared to be
 
 an habitual felon...."
 

 Id.
 

 (quoting
 
 N.C. Gen. Stat. § 14-7.1
 
 ). The Court considered the declaration "commits the offense of" used in both the habitual misdemeanor assault statute and the habitual impaired driving statute followed by the series of required acts indicative of a substantive offense, while the phrase " 'declared to be' immediately before 'habitual felon' " in the habitual felon statute, "denot[es] a status, rather than an offense."
 

 Id.
 

 In
 
 Priddy
 
 , the defendant made a challenge similar to the argument presented in
 
 Smith
 
 : "[T]he habitual impaired driving does not constitute a separate felony offense; rather, it is a mere punishment enhancement statute like ... the habitual felon statute."
 
 Priddy
 
 ,
 
 115 N.C.App. at 548
 
 ,
 
 445 S.E.2d at 612
 
 . As in
 
 Smith
 
 , the
 
 Priddy
 
 Court reasoned that "the legislature clearly intended felonious habitual impaired driving to constitute a separate felony offense," and not a mere punishment enhancement.
 
 Id.
 
 at 550,
 
 445 S.E.2d at 612
 
 .
 

 We now turn our attention to the case sub judice. Within Chapter 90, Article 5 of our General Statutes is codified the North Carolina Controlled Substances Act (the Act). Defendant pled guilty to possession of marijuana, a Schedule VI controlled substance, greater than one-half ounce (and less than one and one-half ounces).
 
 N.C. Gen. Stat. § 90-94
 
 (1) (2015). Pursuant to section 90-95, governing violations of the Act, it is unlawful for any person to possess a controlled substance.
 

 Id.
 

 § 90-95(a)(3). Possession of more than one-half ounce and not in excess of one and one-half ounces of marijuana is punishable as a Class 1 misdemeanor.
 

 Id.
 

 § 90-95(d)(4). Defendant pled guilty to this Class 1 misdemeanor and admitted to receiving a prior conviction that would enhance his sentence to a Class I felony.
 

 The prescribed punishment and degree of any offense under this Article shall be subject to the following conditions, but the punishment for an offense may be increased only by the maximum authorized under any one of the applicable conditions:
 

 ...
 

 (3) If any person commits a Class 1 misdemeanor under this Article and if
 
 *901
 
 he has previously been convicted for
 
 *691
 
 one or more offenses under any law of North Carolina ... which offenses are punishable under any provision of this Article,
 
 he shall be punished as a Class I felon
 
 .
 

 Id.
 

 § 90-95(e)(3) (emphasis added).
 

 Because section (e) states that the defendant "shall be punished as a Class I felon," it appears that our General Assembly intended that section (e)(3) act as a sentence enhancement rather than a separate offense.
 
 Cf.
 

 Smith
 
 ,
 
 139 N.C.App. at 213
 
 ,
 
 533 S.E.2d 518
 
 ("A person
 
 commits the offense of
 
 habitual misdemeanor assault...." (alteration in original) (quoting
 
 N.C. Gen. Stat. § 14-33.2
 
 ));
 
 Priddy
 
 ,
 
 115 N.C.App. 547
 
 ,
 
 445 S.E.2d 610
 
 . Thus, while defendant's Class 1 misdemeanor is punishable as a felony under the circumstances present here, the substantive offense remains a Class 1 misdemeanor. Defendant's status as an habitual felon cannot be used to further enhance a sentence that is not itself a substantive offense. Therefore, because defendant's habitual felon status has no impact on his sentence as a misdemeanant, punishing defendant's offense as a Class E felony is not authorized by sections 15A-1340.17, 15A-1340.23, or 90-95(e)(3). Accordingly, we reverse the trial court order sentencing defendant as a Class E felon due to defendant's habitual felon status and remand for resentencing.
 

 REVERSED AND REMANDED.
 

 Judges CALABRIA and STEPHENS concur.