MORGAN, Justice.
**648 In this case we are called upon to determine whether language in N.C.G.S. § 90-95(e)(3) of the North Carolina Controlled Substances Act ("the Act"), which provides that a Class 1 misdemeanor "shall be punished as a Class I felon[y]" when the misdemeanant has committed a previous offense punishable under the Act, procedurally enhances punishment for the misdemeanor offense or instead creates a substantive felony offense. Relying on our reasoning in State v. Jones , 358 N.C. 473, 598 S.E.2d 125 (2004), we conclude that the General Assembly intended for subdivision (e)(3) to establish a separate felony offense rather than merely to serve as a sentence enhancement of the underlying misdemeanor.
On 27 October 2014, defendant William Sheldon Howell was indicted for several offenses alleged to have been committed on 10 October 2014, including possession with intent to sell or deliver approximately fifteen grams of marijuana, maintaining a dwelling used for keeping and selling marijuana, and knowingly possessing with the intent to use drug paraphernalia. Also on 27 October 2014, defendant was indicted for attaining the status of habitual felon. One of the three underlying felonies listed in the habitual felon indictment was a 27 August 2003 conviction in Buncombe County for felonious possession with intent to sell or deliver marijuana. As a result of the events of 10 October 2014, on 15 June 2015, defendant was further indicted for (1) possessing over one-half ounce but less than one and one-half ounces of marijuana, a Class 1 misdemeanor under N.C.G.S. § 90-95(d)(4) of the Act, and (2) having been previously convicted of an offense under the Act, namely, the above-referenced August 2003 conviction in Buncombe County.
On 9 December 2015, defendant entered into a plea agreement with the State, in which defendant would (1) plead guilty to the N.C.G.S. § 90-95(d)(4) marijuana possession charge, (2) acknowledge his prior convictions in violation of the Act, and (3) admit his habitual felon status in exchange for the State's dismissal of other pending charges. In the Superior Court, Transylvania County, Judge Mark E. Powell accepted defendant's plea and entered a consolidated judgment on the charges, noting that, although the marijuana possession charge was "a Class 1 misdemeanor, ... I'm treating it as a Class I felony because of the prior conviction. And that Class I felony because of the habitual felon status is punished as a Class E felony."[1] The trial court sentenced defendant **649 to an active term of twenty-nine to forty-seven months, suspended the period of incarceration, *572 and placed defendant on supervised probation for thirty-six months.
Defendant appealed to the North Carolina Court of Appeals, where he argued that the trial court erred by enhancing his sentence for misdemeanor possession of marijuana to a Class I felony due to his prior conviction under the Act and then from a Class I felony to a Class E felony based on his habitual felon status. In an opinion filed on 6 December 2016, the Court of Appeals agreed, reversing and remanding the case for resentencing. State v. Howell , --- N.C.App. ----, 792 S.E.2d 898 (2016). The Court of Appeals reasoned that, "while defendant's Class 1 misdemeanor [was] punishable as a felony under the circumstances present here, the substantive offense remain[ed] a Class 1 misdemeanor" and defendant's "habitual felon [status could not] be used to further enhance a sentence that [wa]s not itself a substantive offense." Id. at ----, 792 S.E.2d at 901.
The State sought discretionary review of the Court of Appeals decision, and this Court allowed the State's petition by order entered on 16 March 2017. When this Court looks at a determination of the Court of Appeals by way of discretionary review, our task "is to determine whether there is any error of law in the decision of the Court of Appeals and only the decision of that court is before us for review." State v. Brooks , 337 N.C. 132, 149, 446 S.E.2d 579, 590 (1994) (citations omitted).
The State contends that, in failing to discuss and apply this Court's opinion in Jones , the reasoning of which the State asserts is controlling here, the Court of Appeals erroneously determined that N.C.G.S. § 90-95(e)(3) does not create a substantive felony offense. We agree with the State's interpretation of the applicability of our decision in Jones to the case at bar.
An explanation of our resolution of the issue in this appeal is facilitated by a brief review of three subsections of section 90-95 of the Act: N.C.G.S. § 90-95(a), (d), and (e). The first subsection contains general provisions that criminalize making, selling, delivering, and possessing controlled substances and counterfeit controlled substances. N.C.G.S. § 90-95(a)(1), (2) (2017). Pertinent to this case, the third subdivision of **650 subsection (a) makes it unlawful "[t]o possess a controlled substance." Id. § 90-95(a)(3) (2017).
The second of the cited subsections sets forth how violations of N.C.G.S. § 90-95(a)(3) are punished based upon what type of controlled substance is possessed. Under N.C.G.S. § 90-95(d), "any person who violates G.S. 90-95(a)(3) with respect to:"
(1) A controlled substance classified in Schedule I shall be punished as a Class I felon. However, if the controlled substance is MDPV and the quantity of the MDPV is 1 gram or less, the violation shall be punishable as a Class 1 misdemeanor.
(2) A controlled substance classified in Schedule II, III, or IV shall be guilty of a Class 1 misdemeanor. If the controlled substance exceeds four tablets, capsules, or other dosage units or equivalent quantity of hydromorphone or if the quantity of the controlled substance, or combination of the controlled substances, exceeds one hundred tablets, capsules or other dosage units, or equivalent quantity, the violation shall be punishable as a Class I felony. If the controlled substance is methamphetamine, amphetamine, phencyclidine, or cocaine and any salt, isomer, salts of isomers, compound, derivative, or preparation thereof, or coca leaves and any salt, isomer, salts of isomers, compound, derivative, or preparation of coca leaves, or any salt, isomer, salts of isomers, compound, derivative or preparation thereof which is chemically equivalent or identical with any of these substances (except decocanized coca leaves or any extraction of coca leaves which does not contain cocaine or ecgonine), the violation shall be punishable as a Class I felony.
(3) A controlled substance classified in Schedule V shall be guilty of a Class 2 misdemeanor;
(4) A controlled substance classified in Schedule VI shall be guilty of a Class *573 3 misdemeanor, but any sentence of imprisonment imposed must be suspended and the judge may not require at the time of sentencing that the defendant serve a period of imprisonment as a special condition of probation. If the quantity of the controlled substance exceeds one-half of an **651 ounce (avoirdupois) of marijuana or one-twentieth of an ounce (avoirdupois) of the extracted resin of marijuana, commonly known as hashish, the violation shall be punishable as a Class 1 misdemeanor. If the quantity of the controlled substance exceeds one and one-half ounces (avoirdupois) of marijuana, or three-twentieths of an ounce (avoirdupois) of the extracted resin of marijuana, commonly known as hashish, or if the controlled substance consists of any quantity of synthetic tetrahydrocannabinols or tetrahydrocannabinols isolated from the resin of marijuana, the violation shall be punishable as a Class I felony.
Id. § 90-95(d) (2017). Thus, possession of marijuana falls under subdivision (d)(4), which mandates that possession of more than one-half but less than one and one-half ounces of that controlled substance-the amount defendant here pleaded guilty to possessing-is "punishable as a Class 1 misdemeanor." Id. § 90-95(d)(4). But, the provisions of subdivision (d)(4) are subject to modification by subsection (e), which specifies different punishments for possession of controlled substances under certain conditions,[2] including when a defendant has been previously convicted for a violation of the Act:
(e) The prescribed punishment and degree of any offense under this Article shall be subject to the following conditions , but the punishment for an offense may be increased only by the maximum authorized under any one of the applicable conditions:
...
(3) If any person commits a Class 1 misdemeanor under this Article and if he has previously been convicted for one or more offenses under any law of North Carolina or any law of the United States or any other state, which offenses are punishable under any provision of this Article, he shall be punished as a Class I felon. The prior conviction used to raise the **652 current offense to a Class I felony shall not be used to calculate the prior record level.
Id. § 90-95(e)(3) (2017) (emphases added). There is no dispute between the parties that, under this subdivision and in light of his plea agreement, defendant was subject to punishment as a Class I felon for possession of marijuana. Instead, the contested issue is the effect of subdivision (e)(3) on the offense for which defendant was convicted-whether the offense was a Class I felony or only a Class 1 misdemeanor with the sentence enhanced to the level of a Class I felon.
In Jones this Court considered an analogous question with regard to possession of a different controlled substance: "whether the North Carolina General Assembly classifie[d] the offense of possession of cocaine as a misdemeanor or a felony under N.C.G.S. § 90-95(d)(2)." 358 N.C. at 474, 598 S.E.2d at 126. The defendant had been indicted for and acknowledged the status of, inter alia , being an habitual felon, with one of the three underlying felonies being a 12 November 1991[3] *574 conviction for possession of cocaine. Id. at 474, 598 S.E.2d at 126. "Pursuant to his plea agreement, [the] defendant preserved a right to appeal the trial court's denial of his ... motion to dismiss his habitual felon indictment." Id. at 475, 598 S.E.2d at 126. On appeal, the defendant
contended that his habitual felon indictment was insufficient because ... the 1991 conviction for possession of cocaine[ ] was classified as a misdemeanor under N.C.G.S. § 90-95(d)(2). A panel of the Court of Appeals unanimously agreed based upon its conclusion that in 1991 N.C.G.S. § 90-95(d)(2) "plainly" classified possession of cocaine as a misdemeanor.
Id. at 475, 598 S.E.2d at 126 (citation omitted). Cocaine is a Schedule II controlled substance. N.C.G.S. § 90-90(1)(d) (2017). As noted above, **653 subdivision 90-95(d)(2) states that, while generally a person in possession of a specified amount of "[a] controlled substance classified in Schedule II ... shall be guilty of a Class 1 misdemeanor," if the controlled substance possessed is cocaine, "the violation shall be punishable as a Class I felony." Id. § 90-95(d)(2).
In Jones the defendant made a very similar argument to the one advanced by defendant in the present case:
that under the plain language of section 90-95(d)(2), the offense of possession of cocaine is a misdemeanor.... [because] cocaine [is] a Schedule II controlled substance, and the first sentence of section 90-95(d)(2) ... states that a person in possession of a "Schedule II, III, or IV" controlled substance is "guilty of a Class 1 misdemeanor." According to [the] defendant, the statute's third sentence, providing that a conviction for possession of cocaine is "punishable as a Class I felony," does not serve to classify possession of cocaine as a felony for determining habitual felon status. Rather, that phrase simply denotes the proper punishment or sentence for a conviction for possession of cocaine.
358 N.C. at 477, 598 S.E.2d at 127-28 (internal citations omitted). This Court firmly rejected that construction of the statute, holding that the more specific exceptions set forth in the third sentence of N.C.G.S. § 90-95(d)(4) controlled over the general rule set out in the first sentence, since "the phrase shall be 'punishable as a Class I felony' does not simply denote a sentencing classification, but rather, dictates that a conviction for possession of the substances listed therein, including cocaine, is elevated to a felony classification for all purposes." Id. at 478, 598 S.E.2d at 128. Further, the Court "acknowledge[d] that the General Assembly utilizes differing terminology to classify criminal offenses as felonies," while still rejecting the "defendant's argument that these differences indicate the General Assembly's intent to create a special felony sentencing classification for possession of cocaine." Id. at 484, 598 S.E.2d at 132. Pertinent to the instant appeal, the court in Jones also observed:
The General Assembly routinely uses the phrases "punished as" or "punishable as" a "felony" or "felon" to classify certain crimes as felonies. See, e.g. , N.C.G.S. § 14-18 (2003) (providing that "[v]oluntary manslaughter shall be punishable as a Class D felony, and involuntary manslaughter shall be punishable as a Class F felony");
**654 N.C.G.S. § 14-30 (2003) (stating that a person who commits the crime malicious maiming "shall be punished as a Class C felon"); N.C.G.S. § 14-39(b) (2003) (noting that first-degree kidnapping "is punishable as a Class C felony" and that second-degree kidnapping "is punishable as a Class E felony"); N.C.G.S. § 14-52 (2003) (stating that "burglary in the first degree shall be punishable as a Class D felony, and burglary in the second degree shall be punishable as a Class G felony"); N.C.G.S. § 14-58 (2003) (providing that first-degree arson "is punishable as a Class D felony" and that second-degree arson "is punishable as a Class G felony"); N.C.G.S. § 14-202.1(b) (2003) (stating that "[t]aking indecent liberties with children is punishable as a Class F felony"); N.C.G.S. § 20-106 (2003) (providing that a person guilty of receiving or transferring stolen vehicles *575 "shall be punished as a Class H felon"); N.C.G.S. § 20-138.5(a), (b) (2003) (noting, pursuant to the habitual impaired driving statute, that if a person drives while impaired and has been convicted of three or more offenses involving impaired driving as defined by N.C.G.S. § 20-4.01(24a) within the previous seven years, that person "shall be punished as a Class F felon").
Id. at 484-85, 598 S.E.2d at 132 (brackets in original). This Court noted that these examples and "other statutes contain a structure similar to N.C.G.S. § 90-95(d)(2), in which a crime is classified as a misdemeanor, but elevated to a felony by the language 'punishable' or 'punished' as a 'felony' or 'felon' where special circumstances exist ." Id. at 485, 598 S.E.2d at 132 (emphasis added). This Court then concluded that, under subdivision (d)(2), "the offense of possession of cocaine is classified as a felony for all purposes." Id. at 486, 598 S.E.2d at 133.
Here the critical language in subdivision (e)(3) is "shall be punished as a Class I felon." N.C.G.S. § 90-95(e)(3). As we held in Jones , the effect of such phrases is to elevate an offense that would otherwise be a misdemeanor to a felony when the specified conditions are met. We further note that the General Assembly's intent is even clearer in this case in light of the explicit wording of the applicable subsection. Subsection (e), by its plain language, addresses how specific conditions, like a misdemeanant's prior convictions under the Act, affect two determinations: "[t]he prescribed punishment and degree of any offense under this Article...." Id. § 90-95(e) (emphasis added). The emphasized phrase denotes that the subsequent provisions of the statute affect not only the **655 designated punishment but also the degree of the offenses discussed when the listed conditions are present. Likewise, the final sentence of subdivision (e)(3) states that "[t]he prior conviction used to raise the current offense to a Class I felony shall not be used to calculate the prior record level," indicating that the General Assembly intended the effect of the conditions listed in the subdivision to not simply enhance the punishment of a misdemeanor as defendant contends but rather "to raise the current offense to a Class I felony." See id. § 90-95(e)(3) (emphasis added).
In conclusion, we hold that, under the reasoning of Jones and in light of the plain language of N.C.G.S. § 90-95(e)(3), possession of more than one-half but less than one and one-half ounces of marijuana in violation of N.C.G.S. § 90-95(d)(4) by a defendant with a prior conviction for an offense punishable under the Act "is classified as a [Class I] felony for all purposes." Jones , 358 N.C. at 486, 598 S.E.2d at 133. Accordingly, the Court of Appeals erred in determining that "the substantive offense remain[ed] a Class 1 misdemeanor" and that, as a consequence, defendant's "habitual felon [status could not] be used to further enhance a sentence that [wa]s not itself a substantive offense." Howell , --- N.C.App. at ----, 792 S.E.2d at 901. The trial court here properly elevated defendant's possession of marijuana offense to a Class I felony on the basis of his prior conviction under the Act, and then correctly punished that substantive Class I felony as a Class E felony on the basis of defendant's habitual felon status.
Accordingly, we reverse the decision of the Court of Appeals on this issue and instruct that court to reinstate the trial court's judgment.
REVERSED.

The habitual felon statute provides that a person convicted of a felony who has attained habitual felon status "must ... be sentenced and punished as an habitual felon." N.C.G.S. § 14-7.2 (2017). In turn, a defendant punished as an habitual felon receives a sentence four classes higher than the principal felony for which the person was convicted. Id. § 14-7.6 (2017).

Other conditions listed in subsection (e) include, inter alia , that the sale or delivery of the controlled substance was by an adult to a person under age sixteen or to a pregnant woman (subdivision (e)(5) ), by an adult near a school or child care center (subdivision (e)(8) ), or on the grounds of "a penal institution or local confinement facility" (subdivision (e)(9) ). N.C.G.S. § 90-95(e) (2017).

As the State notes, the 1991 conviction for possession of cocaine by the defendant in Jones "was governed by a prior version of section 90-95(d)(2)." Jones , 358 N.C. at 477 n.5, 598 S.E.2d at 127 n.5 (citing N.C.G.S. § 90-95(d)(2) (Supp. 1991) (amended 1993) ). However, because "the text of the statute relevant to the issue presented by [the Jones ] appeal remain[ed] the same ... as it appeared in November 1991," the Court "refer[red] only to the [then] current version of section 90-95(d)(2) in [its] opinion." Id. at 477 n.5, 598 S.E.2d at 127 n.5. Despite additional amendments to section 90-95 in the years since Jones was decided, the critical language of subdivision (d)(2)-providing that, generally, a person who possesses a Schedule II controlled substance is "guilty of a Class 1 misdemeanor," but that a conviction for possession of the Schedule II controlled substance cocaine is "punishable as a Class I felony"-has remained unchanged. See N.C.G.S. § 90-95(d)(2) (2017).