COLLINS, Judge.
*567 This case requires us to determine the definition of "business day" for purposes of Chapter 27A of our General Statutes. Defendant Christopher David Patterson appeals from judgment entered upon a jury *568 verdict of guilty of failing to register as a sex offender by failing to timely return an address verification form. Defendant argues there was insufficient evidence of his willful failure to return the address verification form within three business days after receipt because Columbus Day could not be counted as a business day. We hold that the term "business day," as used in Chapter 27A, means any calendar day except Saturday, Sunday, or legal holidays declared in N.C. Gen. Stat. § 103-4. Because Columbus day is a legal holiday pursuant to N.C. Gen. Stat. § 103-4, there was insufficient evidence that Defendant willfully failed to return the address verification form within three business days after receipt. The trial court erred by denying Defendant's motion to dismiss and we thus vacate Defendant's conviction.
I. Background
On or about 8 March 2012, Defendant was convicted of a sex offense in violation of N.C. Gen. Stat. § 14-27.7(b), which requires registration under N.C. Gen. Stat. § 14-208.7. On or about 12 March 2012, Defendant registered as a sex offender with the Rowan County Sheriff's Department.
Every year on the anniversary of a person's initial registration date, and again six months after that date, the Department of Public Safety mails an address verification form to the last reported address of the person. Once the person receives the form, he has three business days to take the form to the sheriff's office to be signed.
Rowan County Sheriff's Deputy John Lombard, a twenty-three-year employee of the department and an acquaintance of Defendant's since kindergarten, was in charge of the sex offender registry in Rowan County in 2012. Lombard testified that when the address verification form was returned to the sheriff's department as undeliverable,[1] "I would normally call [Defendant], and he would come in and sign the [form]." In May 2014, Lombard moved to another position within the sheriff's department and Deputy Karen Brindle was put in charge of the sex offender registry.
*621 Around October 2014, an address verification form was mailed to Defendant, but was returned to the Rowan County Sheriff's Department as undeliverable. On Thursday, 9 October 2014, Brindle instructed Lieutenant Larry St. Clair to deliver the address verification form to Defendant at his place of employment. On that day, St. Clair found Defendant at his place of employment, and told Defendant that "he needed to contact Ms. *569 Brindle to set up an appointment to come up and verify the information she was needing." St. Claire had Defendant sign a card acknowledging that he needed to set up an appointment and left the address verification form with Defendant. The telephone call log entered into evidence by the State showed that Defendant called Brindle on Thursday, 9 October 2014; Monday, 13 October 2014; Tuesday, 14 October 2014, at which time he left Brindle a voicemail; and twice on Wednesday, 15 October 2014. Brindle testified that she did not return any of Defendant's calls or respond to his voicemail.
After the unsuccessful attempts to set up an appointment with Brindle as instructed, Defendant appeared in person at the sheriff's department on 15 October 2014 and asked to meet with Brindle. Defendant testified that he understood the form had to be returned within three business days, and thought Columbus Day was not a business day. He testified, "I thought by showing up on Wednesday I -- I was complying with my requirement." He further explained that he thought "Friday would have been the first [business day]. Obviously, the weekend didn't count. I knew that Monday was a federal holiday, so it was my assumption that -- that that Monday didn't count as a business day. That was my assumption, so I knew in my mind, I had until Wednesday to get with the sheriff's department." Defendant testified, "I took Wednesday off on purpose in case I had to meet with her at that point."
Upon his arrival at the sheriff's office, Defendant was told to wait in the lobby. Unbeknownst to Defendant, at some point on 15 October 2014, the Rowan County District Court found probable cause that Defendant "unlawfully, willfully, and feloniously" failed to return an address verification form as required by N.C. Gen. Stat. § 14-208.9A and issued a warrant for Defendant's arrest. After waiting in the lobby, an officer approached Defendant, handcuffed him, and arrested him for failing to register as a sex offender by failing to return the address verification form.
On 16 October 2014, Defendant was brought to court for his first appearance. After paying his bond, Defendant saw Brindle in the lobby of the sheriff's department. Defendant approached and handed her the signed address verification form. Brindle testified that Defendant twice apologized to her "for making a mistake."
On 8 December 2014, a Rowan County grand jury indicted Defendant for failure to register as a sex offender by failing to return an address verification form as required under N.C. Gen. Stat. § 14-208.9A. Defendant was tried by a jury on 27 and 28 March 2018 in superior court. At the *570 close of the State's evidence and again at the close of all the evidence, Defendant moved to dismiss for insufficient evidence; the court denied the motions. The jury found Defendant guilty of failing to register as a sex offender. The court sentenced Defendant to a term of 19-32 months' imprisonment, suspended the sentence, and placed Defendant on supervised probation for 36 months. Additionally, the court required Defendant to complete 24 hours of community service during the first 180 days of probation. The court also imposed a fine of $250, and assessed costs and fees in the amount of $3,215.50. Defendant gave proper notice of appeal in open court.
II. Discussion
On appeal, Defendant argues there was insufficient evidence of his failure to register as a sex offender under N.C. Gen. Stat. § 14-208.9A because there was insufficient evidence that he (1) failed to return the address verification form within three business days after receipt or (2) acted willfully if he had, in fact, failed to return the form within three business days after receipt.
A. Standard of Review
"This Court reviews a trial court's denial of a motion to dismiss de novo [.]"
*622 State v. Moore , 240 N.C. App. 465, 470, 770 S.E.2d 131, 136 (2015) (citation omitted). Moreover, "[i]ssues of statutory construction are questions of law which we review de novo on appeal[.]" State v. Hayes , 248 N.C. App. 414, 415, 788 S.E.2d 651, 652 (2016). Upon de novo review, this Court "considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." State v. Williams , 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (quotation marks and citation omitted).
Upon a defendant's motion to dismiss, the trial court must determine "whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." State v. Worley , 198 N.C. App 329, 333, 679 S.E.2d 857, 861 (2009) (quotation marks and citations omitted). "[T]he trial court must consider the record evidence in the light most favorable to the State ...." Id. (citation omitted). "The defendant's evidence, unless favorable to the State, is not to be taken into consideration." State v. Jones , 280 N.C. 60, 66, 184 S.E.2d 862, 866 (1971). However, if the defendant's evidence is consistent with the State's evidence, then the defendant's evidence "may be used to explain or clarify that offered by the State." Id. (citation omitted).
*571 B. Analysis
A person required to register as a sex offender pursuant to Article 27A, and who "willfully" fails to return an address verification form required under N.C. Gen. Stat. § 14-208.9A, is guilty of a Class F Felony. N.C. Gen. Stat. § 14-208.11 (a)(3) (2018). N.C. Gen. Stat. § 14-208.9A provides:
(1) Every year on the anniversary of a person's initial registration date, and again six months after that date, the Department of Public Safety shall mail a nonforwardable verification form to the last reported address of the person.
(2) The person shall return the verification form in person to the sheriff within three business days after the receipt of the form.
(3) The verification form shall be signed by the person ....
....
(4) If the person fails to return the verification form in person to the sheriff within three business days after receipt of the form, the person is subject to the penalties provided in [N.C. Gen. Stat.] § 14-208.11....
N.C. Gen. Stat. § 14-208.9A(a).
1. Business Days
Defendant moved to dismiss the charge at the end of the State's case-in-chief, arguing there was insufficient evidence that Defendant willfully failed to return the form within three business days as Columbus Day was not a "business day." Whether Columbus Day is a "business day" for purposes of N.C. Gen. Stat. § 14-208.9A appears to be an issue of first impression for this Court.
"In North Carolina, the cardinal principle of statutory interpretation is to ensure that the legislative intent is accomplished." State v. Huckelba , 240 N.C. App. 544, 559, 771 S.E.2d 809, 821 (2015) (internal quotation marks and citation omitted), rev'd per curiam on other grounds , 368 N.C. 569, 780 S.E.2d 750 (2015). "Generally, the intent of the General Assembly may be found first from the plain language of the statute, then from the legislative history, the spirit of the act[,] and what the act seeks to accomplish." Id. (internal quotation marks, brackets, and citation omitted). Moreover, "criminal statutes are to be strictly construed against the State." State v. Raines , 319 N.C. 258, 263, 354 S.E.2d 486, 489 (1987) (internal quotation marks and citation omitted).
*572 Article 27A does not define "business day." Our General Statutes define and use the term "business day" in various ways, including: (1) any day other than Saturday, Sunday, or a legal holiday;[2] (2) any day other *623 than Saturday, Sunday, or a legal holiday when the courthouse is closed for transactions;[3] (3) any calendar day except Sunday and legal holidays;[4] (4) any calendar day except Sunday and some designated legal holidays;[5] and (5) "a weekday other than one on which there is both a State employee holiday and neither house is in session."[6] In a dissenting opinion from our Supreme Court, Justice Beasley (now Chief Justice Beasley) noted in dicta, "[t]hough not defined in this context by the legislature, we assume that a business day occurs Monday through Friday during 'bankers' hours.' " State v. Williams , 368 N.C. 620, 630 n.3, 781 S.E.2d 268, 275 n.3 (2016) (Beasley, J., dissenting) (addressing the necessity of including the phrase "within three business days" in an indictment for failure to timely notify the sheriff of a change of address pursuant to N.C. Gen. Stat. § 14-208.9 ). According to state and federal law, "Columbus Day, the second Monday in October" is declared to be a *573 state and federal legal public holiday. N.C. Gen. Stat. § 103-4 (11) (2018) ; 5 U.S.C. § 6103(a) (2018).
As illustrated by the fact that "business day" is defined and used in various different ways in our General Statutes, the plain language of N.C. Gen. Stat. § 14-208.9A(a) is ambiguous-it does not make clear what a "business day" is. We therefore look to the legislative history of the statute and "the circumstances surrounding its adoption which throw light upon the evil sought to be remedied." Huckelba , 240 N.C. App. at 559-60, 771 S.E.2d at 821 (internal quotation marks and citation omitted).
In 1995, North Carolina enacted Article 27A, "requiring individuals convicted of certain sex-related offenses to register their addresses and other information with law enforcement agencies." State v. White , 162 N.C. App. 183, 185, 590 S.E.2d 448, 450 (2004). "The stated purpose of the law is to curtail recidivism because 'sex offenders often pose a high risk of engaging in sex offenses even after being released from incarceration or commitment and ... protection of the public from sex offenders is of paramount governmental interest.' " Id. (quoting N.C. Gen. Stat. § 14-208.5 ). Registered offenders were required to "sign and return the [form] verifying his or her current address" within "ten days of receipt." Id. at 186, 590 S.E.2d at 451 (citing N.C. Gen. Stat. § 14-208.9A(4) (2003) ).
"In 2006 Congress enacted the Sex Offender Registration and Notification Act (SORNA) to provide a comprehensive system for nationwide sex offender registration." Williams , 368 N.C. at 629, 781 S.E.2d at 274 (citing United States v. Price , 777 F.3d 700, 703 (4th Cir.), cert. denied , --- U.S. ----, 135 S. Ct. 2911, 192 L.Ed. 2d 941 (2015) ) (footnote omitted).
"Congress through SORNA has not commandeered ... nor compelled the state[s] to comply with its requirements. Congress has simply placed conditions on the receipt *624 of federal funds. A state is free to keep its existing sex-offender registry system in place (and risk losing funding) or adhere to SORNA's requirements (and maintain funding)."
Williams , 368 N.C. at 629, 781 S.E.2d at 274-275 (quoting United States v. White , 782 F.3d 1118, 1128 (10th Cir. 2015) ) (quotations omitted).
N.C. Session Law 2008-117, effective 1 December 2008 and applicable to offenses committed on or after that date, substituted "three business days" for "10 days" in N.C. Gen. Stat. § 14-208.9A(a)(2) and (a)(4).[7]
*574 The session law also substituted "three business days" for "72 hours" in N.C. Gen. Stat. § 14-208.9A(c). It is evident from these changes that a "business day" is not synonymous with a "day" or a 24-hour period-the word "business" imports meaning. See N.C. Dep't of Corr. v. N.C. Med. Bd. , 363 N.C. 189, 201, 675 S.E.2d 641, 649 (2009) ("[The court] give[s] every word of the statute effect, presuming that the legislature carefully chose each word used.").
The purpose of the session law was "to amend the sex offender registration requirements to be more stringent," 2007 Filed Edition of H933, https://www.ncleg.gov/Sessions/2007/Bills/House/PDF/H933v6.pdf (last visited June 12, 2019), to comply with SORNA requirements by "shorten[ing] the 'grace period' during which an offender must report an address change" or verify an address. Williams , 368 N.C. at 630, 781 S.E.2d at 275. Shortening the grace period for reporting is achieved under even the most expansive statutory definition of business day which effectively allows six days for reporting (Saturday + Sunday + Holiday + three weekdays) as opposed to ten (or eleven if the last day of the ten-day period falls on a Sunday).
Moreover, Justice Beasley has opined that
[t]he legislature's deliberate change from "day" to "business day" alleviates confusion for offenders and law enforcement. For example, if a defendant's address changes on Thursday, without this business day requirement, it would be unclear whether that defendant is required to report his change of address to the sheriff by the following Sunday or by the following Tuesday.
Id. While this change alleviates confusion regarding whether a defendant is required to report on Sunday,[8] as every statutory definition of business day excludes Sunday, it did not alleviate confusion in this case regarding whether Defendant was required to report on Columbus Day, a legal holiday which is excluded from some but not all statutory definitions of business day.
The issue of whether Columbus Day was a business day was discussed extensively in the context of Defendant's motions to dismiss, the jury charge, and the arguments allowed to be made in closing. The parties acknowledged that the General Assembly left the term "business day" undefined and offered various definitions of the term. The trial *575 court remarked, "I can't believe that we don't have any cases in North Carolina that have looked at how many -- what counts as a business day for the purposes of determining the limitations in the sex-offender registry statutes."
As neither the plain language nor the legislative intent of the statute clearly assigns meaning to the term "business day," we analyze N.C. Gen. Stat. § 14-208.9A under a third and final principle of statutory construction, the rule of lenity. "In construing ambiguous criminal statutes," the rule of lenity "requires us to strictly construe the statute." State v. Howell , 370 N.C. 647, 659, 811 S.E.2d 570, 577-78 (2018) (internal quotation marks and citations omitted). However,
[t]he canon in favor of strict construction [of criminal statutes] is not an inexorable command to override common sense and evident statutory purpose. ... Nor does it demand that a statute be given the "narrowest meaning"; it is satisfied if the words are given their fair meaning in accord *625 with the manifest intent of the lawmakers.
State v. Raines , 319 N.C. 258, 263, 354 S.E.2d 486, 490 (1987) (quoting United States v. Brown , 333 U.S. 18, 25-26, 68 S.Ct. 376, 92 L.Ed. 442 (1948) ). We hold that the term "business day," as used in Chapter 27A, means any calendar day except Saturday, Sunday, or legal holidays declared in N.C. Gen. Stat. § 103-4. This construction effectuates the purpose of Session Law 2008-117 to shorten the grace period for reporting, and alleviates confusion for offenders and law enforcement, thus giving the term its "fair meaning in accord with the manifest intent of the lawmakers." Raines , 319 N.C. at 263, 354 S.E.2d at 490 (quotation marks and citation omitted).
In denying Defendant's motion to dismiss, the trial court explained:
I do think it's an issue of fact for the jury to determine whether or not there's been testimony that it was not, in fact, a holiday, there's been testimony that it was. ... I think ultimately, the jury is going have to decide whether they consider that that was a business day. I don't think that's -- I can't take a judicial notice of the fact that Columbus Day is a holiday. It's not a state holiday. We don't have -- we don't shutdown -- as far as I know, shut down state offices on Columbus Day.
The trial court erroneously concluded that the statutory construction of N.C. Gen. Stat. § 14-208.9A and the meaning of "business day" is a question of fact for the jury; it is a question of law for the court.
*576 State v. Marino , --- N.C.App. ----, ----, 828 S.E.2d 689, 692 (2019) ("Issues of statutory construction are questions of law which we review de novo on appeal.") (internal quotation marks, brackets, and citation omitted). Moreover, the trial court erroneously concluded that it could not take judicial notice of the fact that Columbus Day is a legal holiday as "[i]t is generally held that the courts are bound to take judicial notice of what days are legal holidays." State v. Brunson , 285 N.C. 295, 302, 204 S.E.2d 661, 665 (1974) (internal quotation marks and citations omitted).
Citing Southpark Mall Ltd. P'ship v. CLT Food Mgmt. Inc. , 142 N.C. App. 675, 679, 544 S.E.2d 14, 17 (2001) for the proposition the "the term 'business day' in a commercial lease is any day the property was open for business[,]" the dissent thus concludes, "because the Rowan County Sheriff's Office was open for regular business to the public on Columbus Day, ... Columbus Day counted as a 'business day' for purposes of Section 14-208.9A [.]" However here, unlike the imposition of civil liability in Southpark Mall , the State seeks to impose criminal liability, under a statute that does not clearly define the term "business day." N.C. Gen. Stat. § 14-208.9A. Under the rules of statutory construction, the rule of lenity "requires us to strictly construe the statute." State v. Hinton , 361 N.C. 207, 211, 639 S.E.2d 437, 440 (2007). Moreover, Southpark Mall is inapposite as it involved the meaning of the term "five (5) days" in a commercial lease agreement. This Court rejected Defendants' argument that the phrase "days" should be construed as "business days," and concluded that "five (5) days" unambiguously meant five calendar days. Furthermore, the dissent's determination of which " 'public holidays' in Section 103-4 ... are clearly 'business days' " is a determination for the legislature, not this Court.
As we hold that a "business day" is any calendar day except Saturday, Sunday, or legal holidays declared in N.C. Gen. Stat. § 103-4, and Columbus Day is a legal holiday declared in N.C. Gen. Stat. § 103-4, the trial court erred in denying Defendant's motion to dismiss for insufficient evidence where Defendant received the address verification form on Thursday, 9 October 2014 and appeared in person at the sheriff's department to sign the form on Wednesday, 15 October 2014, a period of three business days - excluding Saturday the 11th, Sunday the 12th, and Monday, Columbus Day, the 13th - after he received the form.
C. Willful Failure to Return Form
In light of our holding, we need not reach Defendant's argument that the trial court erred by denying his motion to dismiss where there was *577 insufficient evidence that he willfully failed to return the address verification *626 form within three business days after receipt.
III. Conclusion
As there was insufficient evidence that Defendant willfully failed to return the verification form within three business days after he received it, the trial court erred in denying Defendant's motions to dismiss. Accordingly, we vacate Defendant's conviction.
VACATED.
Judge INMAN concurs.
Judge DILLON dissents by separate opinion.

Lombard and Defendant testified that there was an issue with Defendant's address, and that the address verification forms, mailed out of Raleigh, would return to the Rowan County Sheriff's Department as "undeliverable."

See, e.g. , N.C. Gen. Stat. § 66-209 (governing invention development services and defining business day as "any day other than a Saturday, Sunday, or legal holiday"); N.C. Gen. Stat. § 58-87-1 (governing the Volunteer Fire Department Fund and stating, "The Commissioner must award the grants on May 15, or on the first business day after May 15 if May 15 falls on a weekend or a holiday ...."); N.C. Gen. Stat. § 105-395.1 (governing payment of taxes; "When the last day for doing an act required or permitted by this Subchapter falls on a [Saturday or Sunday, or a holiday], the act is considered to be done within the prescribed time limit if it is done on the next business day."); N.C. Gen. Stat. § 1A-1, Rule 6 (computing time for civil filings; "When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and holidays shall be excluded in the computation.").

See, e.g. , N.C. Gen. Stat. § 1A-1, Rule 6 (computing time for civil filings; "The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday when the courthouse is closed for transactions, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday when the courthouse is closed for transactions.").

See, e.g. , N.C. Gen. Stat. § 143-143.21A (governing purchase agreements and buyer cancellations and defining business day as "any day except Sunday and legal holidays"); N.C. Gen. Stat. § 66-232 (entitled the Membership Camping Act and defining business day as "any day except Sunday or a legal holiday.").

See, e.g., N.C. Gen. Stat. § 14-401.13 (governing the failure to give right to cancel in off-premises sale, lease, or rental of consumer goods or services and defining business day as "[a]ny calendar day except Sunday, or the following business holidays: New Year's Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day, and Good Friday.").

See N.C. Gen. Stat. § 120-33 (governing the duties of the enrolling clerk in the Legislative Services Commission and defining business day).

The same or similar substitution was made in sections 14-208.7, 14-208.9, 14-208.27, and 14-208.28.

The Supreme Court's calculation requires an inference that a defendant is not required to report on a Saturday either.