EDMUNDS, Justice.
As a registered sex offender, defendant Ryan Matthew Williams was required to report to the appropriate sheriff when he changed his address. He was convicted of failing to make such a report. Before this Court, defendant argues that the indictment failed to allege properly the time period within which he was required to file the report. We conclude that the indictment adequately apprised defendant of the conduct that was the basis of the charge against him. Accordingly, we affirm the *621 ruling of the Court of Appeals that the trial court correctly denied defendant’s motion to dismiss.
Ryan Matthew Williams was convicted of indecent liberties with a minor on 15 March 2001 and, as a result, is a registered sex offender subject to the requirements of N.C.G.S. §§ 14-208.9 and 14-208.11. Defendant maintained his registration with the Burke County Sheriffs Office and reported several changes of address. Evidence presented at defendant’s trial indicated that from 17 February 2010 to 5 April 2011, defendant’s registered address was 107-D Ross Street in Morganton, where he lived with Sunshine Blevins. In April 2011, defendant and Blevins moved to 2022 Bristol Creek Avenue in Morganton and registered that address with the Burke County Sheriff’s Office. In June 2011, defendant left the Bristol Creek Avenue home for 107-D Ross Street, Morganton, amove he registered on 29 June 2011.
On 8 September 2011, Deputy Sheriff Chuck Fisher went to defendant’s last registered address at 107-D Ross Street. When no one answered his knock, Deputy Fisher contacted the property owner, Tim Norman, who reported that defendant had been living at a different address, 109-D Ross Street. Other evidence indicated that defendant had never resided at 107-D Ross Street. Norman advised Deputy Fisher that defendant stopped paying rent for the 109-D Ross Street residence and had vacated the premises in late July 2011 after Norman demanded that he either pay up or leave. At least six weeks passed after defendant’s departure before Deputy Fisher came searching for him. Defendant was arrested on 13 September 2011.
On 5 October 2011, defendant was indicted by a Burke County Grand Jury for violating N.C.G.S. § 14-208.11 by failing to provide timely written notice of his change of address. The indictment included a pre-printed block containing information in the following format:
DATE OF OFFENSE ON OR ABOUT
09/08/2011 -after 4/2011
The body of the indictment beneath this block did not include a date but instead alleged that “on or about the date of offense shown,” defendant committed the charged crime.
Defendant filed a motion to dismiss the indictment on the grounds that “it does not allege a specific enough date of offense to allow the Defendant to formulate a defense and is violative of his due process rights.” After considering arguments presented by counsel for both *622 sides, the trial court denied defendant’s motion to dismiss. On 7 June 2013, a jury found defendant guilty and the trial court imposed a sentence in the presumptive range of twenty-three to twenty-eight months of imprisonment.
Defendant appealed to the Court of Appeals, challenging the sufficiency of the indictment. State v. Williams, _ N.C. App. _, 763 S.E.2d 926, 2014 WL 3824252 (2014) (unpublished). He argued that the indictment was fatally defective because it identified the date of offense as a five month span, and that, because the indictment was defective, the trial court lacked jurisdiction to hear his case. Id. at *3. The Court of Appeals concluded that section 14-208.9(a)’s requirement that defendant register a new address within three business days of the change “does not make the specific day or year an essential element of the crime.” Id. at *4. The court held that the indictment sufficiently alleged that defendant failed to notify the sheriff’s office of a change of address within the prescribed statutory time period. Id. The court further held that defendant failed to demonstrate that he was misled by the times set out in the indictment and that no basis existed for concluding the indictment was fatally defective. Id. Consequently, the trial court properly denied the motion to dismiss. Id. On 9 October 2014, this Court allowed defendant’s Petition for Discretionary Review.
Although defendant argued to the trial court and the Court of Appeals that the time span alleged in the indictment rendered it defective, he takes a different tack before us. Defendant contends his constitutional right to notice was violated because the indictment alleged that he failed to register his change of address with the sheriff’s office within three days, rather than within three business days. Defendant made the latter argument in his Petition for Discretionary Review while candidly acknowledging that he had not raised it below. We will consider the petition because conflicting analyses of this issue may be found in opinions of the Court of Appeals.
“[W]here an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court.” State v. Wallace, 351 N.C. 481, 503, 528 S.E.2d 326, 341 (citations omitted), cert. denied, 531 U.S. 1018, 121 S. Ct. 581, 148 L. Ed. 2d 498 (2000). The alleged failure of a criminal pleading to charge the essential elements of a stated offense is an error of law that this Court reviews de novo. See State v. Sturdivant, 304 N.C. 293, 308-11, 283 S.E.2d 719, 729-31 (1981).
*623 The North Carolina Constitution guarantees that, “[i]n all criminal prosecutions, every person charged with crime has the right to be informed of the accusation.” N.C. Const, art. I, § 23. Ordinarily, a person accused of a felony is charged by means of an indictment, which must contain
[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant’s commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.
N.C.G.S. § 15A-924(a)(5) (2013). In interpreting this statute, we have held that “it is not the function of an indictment to bind the hands of the State with technical rules of pleading,” Sturdivant, 304 N.C. at 311, 283 S.E.2d at 731 (citing State v. Gregory, 223 N.C. 415, 27 S.E.2d 140 (1943)), and that we are no longer bound by the “ancient strict pleading requirements of the common law,” State v. Freeman, 314 N.C. 432, 436, 333 S.E.2d 743, 746 (1985). Instead, contemporary criminal pleading requirements have been “designed to remove from our law unnecessary technicalities which tend to obstruct justice.” Id. Consistent with this retreat from archaic pleading standards, the General Assembly has provided that
[e]very criminal proceeding by . . . indictment ... is sufficient in form for all intents and purposes if it expresses the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment.
N.C.G.S. § 15-153 (2013). We now consider whether defendant’s indictment passes muster.
The indictment alleged that defendant violated N.C.G.S. § 14-208.11, which states, in pertinent part, that: “A person required by this Article to register who willfully does any of the following is guilty of a Class F felony: ... (2) Fails to notify the last registering sheriff of a change of address as required by this Article.” N.C.G.S. § 14-208.11(a)(2) (2013). Defendant’s indictment cited “G.S. 14-208.11” and alleged that “defendant named above unlawfully, willfully, and feloniously did as a person required by Article 27A of Chapter 14 of the North Carolina General *624 Statutes to register with the Sheriffs office in the county wherein he resides ... failed [sic] to provide written notice of his change of address no later than the 3rd day after his change in address .... This act was in violation of the law referenced above.”
Details of the registration requirements are set out in N.C.G.S. § 14-208.9, which states that “[i]f a person required to register changes address, the person shall report in person and provide written notice of the new address not later than the third business day after the change to the sheriff of the county with whom the person had last registered.” Id. § 14-208.9(a) (2014). Defendant acknowledges that he was required to register, but contends that the indictment is fatally defective because it omitted the word “business” as found in section 14-208.9(a).
Defendant cites State v. Abshire for the proposition that “three business days” is an essential element of the offense. 363 N.C. 322, 677 S.E.2d 444 (2009). In Abshire, we addressed an earlier version of the statute at bar and stated that the third element of the offense was that “the defendant ‘[f]ails to notify the last registering sheriff of [the] change of address,’ [N.C.G.S. § 14-208.11(a)(2)], ‘not later than the tenth day after the change,’ N.C.G.S. § 14-208.9(a).’ ” Id. at 328, 677 S.E.2d at 449 (first and second alterations in original). However, our reference in Abshire to the ten-day deadline was not critical to the holding in that case. Moreover, we are reluctant to assume from Abshire that if the statute had said “ten business days,” we would have found that the word “business” was essential to the pleading, especially when no such issue was before us. Instead, Abshire discussed the meaning of the term “address” in that earlier version of the statute, along with the unremarkable requirement that essential elements be included in the indictment. Id. at 328-32, 677 S.E.2d at 449-51. Abshire did not set out specific language to be used in an indictment alleging an offense under section 14-208.11, and the holding in that case is consistent with the flexible pleading standards expressed in sections 15-153 and 15A-924(a).
Defendant also argues that the Court of Appeals holding in State v. Osborne, _ N.C. App. _, 763 S.E.2d 16, 2014 WL 2993855 (2014) (unpublished), entitles him to a new trial. The defendant in Osborne was, as here, a convicted sex offender required to register with the sheriff of his county of residence. The indictment in Osborne alleged only that the defendant was required to register within three days of his move to a new address. The Court of Appeals vacated the defendant’s conviction for a violation of N.C.G.S. § 14-208.11(a)(2) on the grounds that “three days,” as alleged in the indictment, is different from “not later than the third business day,” as found in section 14-208.9(a). 2014 WL 2993855 at *625 *3. In contrast, in the case at bar, the Court of Appeals concluded that time was not of the essence for this reporting offense and “[i]t does not matter when the crime occurred so long as the evidence shows that the defendant did not give the proper notification.” The court then held “that an indictment under N.C. Gen. Stat. § 14-208.11 is sufficient if it alleges ... the pertinent time element.” Williams, 2014 WL 3824252, at *4. In other words, the absence of the term “business” before “days” in'the indictment was found fatal in Osborne but not in Williams.
We have found no other case in which a panel of the Court of Appeals has adopted Osborne’s rationale. In State v. Leaks, _ N.C. App. _, 771 S.E.2d 795 (2015), the defendant sex offender was charged with failure to report a change of address under N.C.G.S. § 14-208.11(a)(2). He claimed the indictment was invalid because it failed to allege that he was required to provide “written notice” as set out in N.C.G.S. § 14-208.9. Id. at _, 771 S.E.2d at 797-98. In a published opinion, the Court of Appeals distinguished Osborne and held that written notice was an evidentiary matter to be proved at trial but need not be alleged in an indictment brought under section 14-208.11. Id. at _, 771 S.E.2d at 798-99. We denied discretionary review. State v. Leaks, _ N.C. _, 775 S.E.2d 870 (2015). In State v. Furr, _ N.C. App. _, 775 S.E.2d 693, 2015 WL 3791729 (2015) (unpublished), the defendant sex offender was indicted under N.C.G.S. § 14-208.11(a)(2) for failing to report a new address. The defendant claimed the indictment was invalid because it did not allege that he was required to provide “written notice” within “three business days,” as set out in N.C.G.S. § 14-208.9. 2015 WL 3791729 at *2. The Court of Appeals declined to follow Osborne and found no error. Id. at *4. We denied discretionary review. State v. Furr, _ N.C. _, 775 S.E.2d 854 (2015). In State v. McLamb, _ N.C. App. _, 777 S.E.2d 150 (2015), the defendant sex offender was charged under N.C.G.S. § 14-208.11(a)(2) with failing to register. He claimed the indictment was invalid for failing to allege that he was required to provide “written notice” within “three business days.” Id. at _, 777 S.E.2d at 151. In a published opinion, the Court of Appeals declined to follow Osborne and found no error. Id. at _, 777 S.E.2d at 152-53.
Moreover, the Court of Appeals declined to subject indictments to the type of hypertechnical scrutiny employed in Osborne before that opinion was issued. In State v. Pierce, _ N.C. App. _, 766 S.E.2d 854 (2014), the defendant sex offender was charged with failing to provide notification of an address change. He argued that the indictment was fatally defective because it omitted the purportedly essential element that he report to the sheriff of the new county to which he had moved. *626 Id. at _, 766 S.E.2d at 857. The Court of Appeals determined that the indictment, “read in totality,” gave the defendant adequate notice. Id. at _, 766 S.E.2d at 858. We denied discretionary review. State v. Pierce, 368 N.C. 262, 772 S.E.2d 734 (2015). In State v. Harrison, 165 N.C. App. 332, 598 S.E.2d 261 (2004), the defendant claimed that the indictment charging him with failure to report was defective because it did not identify the specific dates of the moves or the defendant’s new address. The Court of Appeals found that the indictment provided defendant “ample notice of the charge,” even though it did not identity the specific dates on which the defendant moved or his new address. Id. at 336, 598 S.E.2d at 263. We denied discretionary review. State v. Harrison, 359 N.C. 72, 604 S.E.2d 922 (2004).
Consistent with these Court of Appeals opinions, this Court has acknowledged the general rule that an indictment using “either literally or substantially” the language found in the statute defining the offense is facially valid and that “the quashing of indictments is not favored.” State v. James, 321 N.C. 676, 681, 365 S.E.2d 579, 582 (1988) (citations omitted). Here, defendant’s indictment included the critical language found in N.C.G.S. § 14-208.11, alleging that he failed, to meet his obligation to report “as a person required by Article 27A of Chapter 14.” This indictment language was consistent with that found in the charging statute and provided defendant sufficient notice to prepare a defense. Additional detail about the reporting requirement such as that found in section 14-208.9 was neither needed nor required in the indictment.
Because defendant’s indictment substantially tracks the language of section 14-208.11(a)(2), the statute under which he was charged, thereby providing defendant adequate notice, we conclude that the Court of Appeals’ analysis in Williams is consistent with the applicable statutes and holdings cited above. Accordingly, we hold that defendant’s indictment is valid and conferred jurisdiction upon the trial court.
AFFIRMED.
Justice ERVIN took no part in the consideration or decision of this case.