Justice MORGAN dissenting.
While I agree with my learned colleagues in the majority that N.C.G.S. § 15-144.2(b) (2017) expressly requires that a short-form indictment must **257 name the alleged child victim in a sex offense that is charged pursuant *86 to this statute in order for the indictment to be facially valid, I firmly disagree with them that the superseding indictment upon which defendant was found guilty in this case failed to comport with the statute's requirements. In light of the facts and circumstances of this particular case, the majority unfortunately places the fundamental right of a criminal defendant to have sufficient notice of the charges lodged against him and the State's laudable aim to protect the identity of a minor who is the alleged victim of a sex crime on an unnecessary collision course based upon a narrow and rigid interpretation of the applicable law. I embrace the fundamental reasoning of the Court of Appeals in this case and would arrive at its same outcome.
North Carolina General Statutes section 15-144.2(b), in delineating the essentials of a short-form indictment for a sex offense, states in pertinent part:
(b) If the victim is a person under the age of 13 years, it is sufficient to allege that the defendant unlawfully, willfully, and feloniously did engage in a sex offense with a child under the age of 13 years, naming the child , and concluding as aforesaid [in subsection (a) ].
N.C.G.S. § 15-144.2(b) (Supp. 2018) (emphasis added). N.C.G.S. § 14-27.4A(a) (now recodified as N.C.G.S. § 14-27.28 (2015) established:
(a) A person is guilty of statutory sexual offense with a child by an adult if the person is at least 18 years of age and engages in a sexual act with a victim who is a child under the age of 13 years.
Id. § 14-27.28 (2017).
While an indictment is defined in N.C.G.S. § 15A-641(a), the operation of a superseding indictment in conjunction with the original indictment which it supplants is addressed in N.C.G.S. § 15A-646. "Every criminal proceeding by indictment is sufficient in form for all intents and purposes if it expresses the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment." N.C.G.S. § 15-153 (2013), quoted in State v. Williams , 368 N.C. 620, 623, 781 S.E.2d 268, 271 (2016). "[W]e are no longer bound by the 'ancient strict pleading requirements of the common law.' " Williams, 368 N.C. at 623, 781 S.E.2d at 271 (quoting **258 State v. Freeman , 314 N.C. 432, 436, 333 S.E.2d 743, 746 (1985). Instead, contemporary criminal pleadings requirements have been "designed to remove from our law unnecessary technicalities which tend to obstruct justice." Freeman, 314 N.C. at 436, 333 S.E.2d at 746. "An indictment or criminal charge is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense." State v. Coker , 312 N.C. 432, 434, 323 S.E.2d 343, 346 (1984).
In the present case, the original indictment charged defendant with a sex offense committed against a minor child in violation of N.C.G.S. § 14-27.4A(a). The minor child was accurately identified in the indictment as the alleged victim by her first and last names. This disclosure of the first and last name of the alleged victim also appeared in the arrest warrant that was issued for defendant and which served as a preface for defendant's subsequent indictment. At this stage in defendant's criminal proceedings, he had been clearly apprised of the identity of his alleged child victim through each of the two critical criminal procedural stages of arrest and indictment. Upon the State's determination to successfully seek a superseding indictment from a grand jury renewing the same charge that appeared in the original indictment with the alleged victim's first and last name, and altering the dates of the alleged offenses in order to be consistent with the time period shown in the arrest warrant that also bore the alleged victim's first and last name, the State deemed it prudent to refer to the alleged child victim in the superseding short-form indictment authorized by N.C.G.S. § 15-144.2(b) merely as "Victim #1." This approach was an obvious effort employed by the State to protect the alleged victim's identity in light of the apparent satisfaction of its constitutional duty, as enacted in the cited *87 statutory law and consistently interpreted by this Court in such cases as Williams , Freeman , and Coker , to apprise defendant of the charged sex offenses against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offenses.
The effectiveness and sufficiency of the notice given to defendant as to the identity of "Victim #1" in the superseding indictment, based upon the alleged victim's name being divulged in the original indictment, is readily apparent from the procedural and substantive circumstances at the trial level. As the Court of Appeals astutely noted in its rendered opinion, the superseding indictment was filed in the same criminal case bearing the same file number as the warrant and original indictment; the dismissal filed by the State to dispose of the original indictment upon **259 the introduction of the superseding indictment expressly noted that the only substantive changes between the two charging instruments were a correction of the dates of offense and an increase in the level of the charged felony; defendant did not contend at any point during his trial that the identity of the alleged victim was in question or that he faced any difficulty in preparing his defense. With this confluence of constitutional law, statutory law, and appellate case law readily flowing with the particular facts and circumstances contained in the instant case, I agree with the conclusion of the lower appellate court that defendant was given sufficient notice as to the identity of the alleged child victim and that nothing in the record demonstrates that such notice was affected by the superseding indictment.
The majority's restricted view of the properness of the superseding indictment in the case at bar is further displayed by its application of the Court's decision in State v. Ellis , 368 N.C. 342, 776 S.E.2d 675 (2015). While my colleagues of the majority conveniently frame the issue of the State's employment of the superseding short-form indictment in a sweepingly broad manner so as to couch the matter in terms of the charging instrument's allegations being buttressed by "extrinsic evidence" in order to reiterate the principle that "[a] court may not look to extrinsic evidence to supplement a missing or deficient allegation in an indictment" in depicting the Court of Appeals' application of Ellis in its decision below, I do not consider the Ellis decision to be determinative of this current case. The Court of Appeals construed Ellis in a manner in which to authorize the lower appellate court to authenticate its favorable view of the sufficiency of the superseding indictment by considering matters which were extraneous to the charging instrument, stating that in Ellis , this Court has "looked beyond the four corners of the documents" "[i]n holding that the charging instruments were facially valid." State v. White, --- N.C. App. ----, 805 S.E.2d 563, 2017 WL 4638188 at *5 (2017) (unpublished). This conclusion by the Court of Appeals prompted the majority here to explain that this Court did not authorize "the proposition that [the Court of Appeals] may look outside the four corners of the indictment for information to supplement the missing essential element in the indictment." Because Ellis involves the element of the facial validity of an indictment regarding the capability of an alleged victim entity to own property that is the subject of a criminal charge, thus constituting a significant distinguishing factor which does not exist in the present case, I would find that the Court of Appeals' reliance on Ellis was needless and the resulting usage of it by the majority is neatly opportune. In my view, the majority does **260 not sufficiently justify its determination that the superseding indictment is facially invalid as to the identification of the alleged child victim as "Victim #1" in light of the obvious achievement of required notice to defendant which protected all of his constitutional rights, while simultaneously satisfying the legal requirements for a valid short-form indictment and salvaging some protection of privacy for the minor child.
For the reasons stated, I would modify and affirm the opinion of the Court of Appeals in this case.
Justice NEWBY joins in this dissenting opinion.