IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1052

 Filed: 6 August 2019

Rowan County, No. 14CRS055709

STATE OF NORTH CAROLINA

 v.

CHRISTOPHER DAVID PATTERSON, Defendant.

 Appeal by Defendant from judgment entered 28 March 2018 by Judge Lori I.

Hamilton in Rowan County Superior Court. Heard in the Court of Appeals 27

February 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Gail E.
 Carelli, for the State-Appellee.

 Sharon L. Smith for Defendant-Appellant.

 COLLINS, Judge.

 This case requires us to determine the definition of “business day” for purposes

of Chapter 27A of our General Statutes. Defendant Christopher David Patterson

appeals from judgment entered upon a jury verdict of guilty of failing to register as a

sex offender by failing to timely return an address verification form. Defendant

argues there was insufficient evidence of his willful failure to return the address

verification form within three business days after receipt because Columbus Day

could not be counted as a business day. We hold that the term “business day,” as
 STATE V. PATTERSON

 Opinion of the Court

used in Chapter 27A, means any calendar day except Saturday, Sunday, or legal

holidays declared in N.C. Gen. Stat. § 103-4. Because Columbus day is a legal holiday

pursuant to N.C. Gen. Stat. § 103-4, there was insufficient evidence that Defendant

willfully failed to return the address verification form within three business days

after receipt. The trial court erred by denying Defendant’s motion to dismiss and we

thus vacate Defendant’s conviction.

 I. Background

 On or about 8 March 2012, Defendant was convicted of a sex offense in violation

of N.C. Gen. Stat. § 14-27.7(b), which requires registration under N.C. Gen. Stat. §

14-208.7. On or about 12 March 2012, Defendant registered as a sex offender with

the Rowan County Sheriff’s Department.

 Every year on the anniversary of a person’s initial registration date, and again

six months after that date, the Department of Public Safety mails an address

verification form to the last reported address of the person. Once the person receives

the form, he has three business days to take the form to the sheriff’s office to be

signed.

 Rowan County Sheriff’s Deputy John Lombard, a twenty-three-year employee

of the department and an acquaintance of Defendant’s since kindergarten, was in

charge of the sex offender registry in Rowan County in 2012. Lombard testified that

when the address verification form was returned to the sheriff’s department as

 2
 STATE V. PATTERSON

 Opinion of the Court

undeliverable,1 “I would normally call [Defendant], and he would come in and sign

the [form].” In May 2014, Lombard moved to another position within the sheriff’s

department and Deputy Karen Brindle was put in charge of the sex offender registry.

 Around October 2014, an address verification form was mailed to Defendant,

but was returned to the Rowan County Sheriff’s Department as undeliverable. On

Thursday, 9 October 2014, Brindle instructed Lieutenant Larry St. Clair to deliver

the address verification form to Defendant at his place of employment. On that day,

St. Clair found Defendant at his place of employment, and told Defendant that “he

needed to contact Ms. Brindle to set up an appointment to come up and verify the

information she was needing.” St. Claire had Defendant sign a card acknowledging

that he needed to set up an appointment and left the address verification form with

Defendant. The telephone call log entered into evidence by the State showed that

Defendant called Brindle on Thursday, 9 October 2014; Monday, 13 October 2014;

Tuesday, 14 October 2014, at which time he left Brindle a voicemail; and twice on

Wednesday, 15 October 2014. Brindle testified that she did not return any of

Defendant’s calls or respond to his voicemail.

 After the unsuccessful attempts to set up an appointment with Brindle as

instructed, Defendant appeared in person at the sheriff’s department on 15 October

 1Lombard and Defendant testified that there was an issue with Defendant’s address, and that
the address verification forms, mailed out of Raleigh, would return to the Rowan County Sheriff’s
Department as “undeliverable.”

 3
 STATE V. PATTERSON

 Opinion of the Court

2014 and asked to meet with Brindle. Defendant testified that he understood the

form had to be returned within three business days, and thought Columbus Day was

not a business day. He testified, “I thought by showing up on Wednesday I -- I was

complying with my requirement.” He further explained that he thought “Friday

would have been the first [business day]. Obviously, the weekend didn’t count. I

knew that Monday was a federal holiday, so it was my assumption that -- that that

Monday didn’t count as a business day. That was my assumption, so I knew in my

mind, I had until Wednesday to get with the sheriff’s department.” Defendant

testified, “I took Wednesday off on purpose in case I had to meet with her at that

point.”

 Upon his arrival at the sheriff’s office, Defendant was told to wait in the lobby.

Unbeknownst to Defendant, at some point on 15 October 2014, the Rowan County

District Court found probable cause that Defendant “unlawfully, willfully, and

feloniously” failed to return an address verification form as required by N.C. Gen.

Stat. § 14-208.9A and issued a warrant for Defendant’s arrest. After waiting in the

lobby, an officer approached Defendant, handcuffed him, and arrested him for failing

to register as a sex offender by failing to return the address verification form.

 On 16 October 2014, Defendant was brought to court for his first appearance.

After paying his bond, Defendant saw Brindle in the lobby of the sheriff’s department.

 4
 STATE V. PATTERSON

 Opinion of the Court

Defendant approached and handed her the signed address verification form. Brindle

testified that Defendant twice apologized to her “for making a mistake.”

 On 8 December 2014, a Rowan County grand jury indicted Defendant for

failure to register as a sex offender by failing to return an address verification form

as required under N.C. Gen. Stat. § 14-208.9A. Defendant was tried by a jury on 27

and 28 March 2018 in superior court. At the close of the State’s evidence and again

at the close of all the evidence, Defendant moved to dismiss for insufficient evidence;

the court denied the motions. The jury found Defendant guilty of failing to register

as a sex offender. The court sentenced Defendant to a term of 19-32 months’

imprisonment, suspended the sentence, and placed Defendant on supervised

probation for 36 months. Additionally, the court required Defendant to complete 24

hours of community service during the first 180 days of probation. The court also

imposed a fine of $250, and assessed costs and fees in the amount of $3,215.50.

Defendant gave proper notice of appeal in open court.

 II. Discussion

 On appeal, Defendant argues there was insufficient evidence of his failure to

register as a sex offender under N.C. Gen. Stat. § 14-208.9A because there was

insufficient evidence that he (1) failed to return the address verification form within

three business days after receipt or (2) acted willfully if he had, in fact, failed to return

the form within three business days after receipt.

 5
 STATE V. PATTERSON

 Opinion of the Court

 A. Standard of Review

 “This Court reviews a trial court’s denial of a motion to dismiss de novo[.]”

State v. Moore, 240 N.C. App. 465, 470, 770 S.E.2d 131, 136 (2015) (citation omitted).

Moreover, “[i]ssues of statutory construction are questions of law which we review de

novo on appeal[.]” State v. Hayes, 248 N.C. App. 414, 415, 788 S.E.2d 651, 652 (2016).

Upon de novo review, this Court “considers the matter anew and freely substitutes

its own judgment for that of the lower tribunal.” State v. Williams, 362 N.C. 628,

632-33, 669 S.E.2d 290, 294 (2008) (quotation marks and citation omitted).

 Upon a defendant’s motion to dismiss, the trial court must determine “whether

there is substantial evidence of each essential element of the offense charged and of

the defendant being the perpetrator of the offense. Substantial evidence is relevant

evidence that a reasonable mind might accept as adequate to support a conclusion.”

State v. Worley, 198 N.C. App 329, 333, 679 S.E.2d 857, 861 (2009) (quotation marks

and citations omitted). “[T]he trial court must consider the record evidence in the

light most favorable to the State . . . .” Id. (citation omitted). “The defendant’s

evidence, unless favorable to the State, is not to be taken into consideration.” State

v. Jones, 280 N.C. 60, 66, 184 S.E.2d 862, 866 (1971). However, if the defendant’s

evidence is consistent with the State’s evidence, then the defendant’s evidence “may

be used to explain or clarify that offered by the State.” Id. (citation omitted).

 B. Analysis

 6
 STATE V. PATTERSON

 Opinion of the Court

 A person required to register as a sex offender pursuant to Article 27A, and

who “willfully” fails to return an address verification form required under N.C. Gen.

Stat. § 14-208.9A, is guilty of a Class F Felony. N.C. Gen. Stat. § 14-208.11 (a)(3)

(2018). N.C. Gen. Stat. § 14-208.9A provides:

 (1) Every year on the anniversary of a person’s initial
 registration date, and again six months after that date, the
 Department of Public Safety shall mail a nonforwardable
 verification form to the last reported address of the person.

 (2) The person shall return the verification form in person
 to the sheriff within three business days after the receipt
 of the form.

 (3) The verification form shall be signed by the person . . . .

 ....

 (4) If the person fails to return the verification form in
 person to the sheriff within three business days after
 receipt of the form, the person is subject to the penalties
 provided in [N.C. Gen. Stat.] § 14-208.11. . . .

N.C. Gen. Stat. § 14-208.9A(a).

 1. Business Days

 Defendant moved to dismiss the charge at the end of the State’s case-in-chief,

arguing there was insufficient evidence that Defendant willfully failed to return the

form within three business days as Columbus Day was not a “business day.” Whether

Columbus Day is a “business day” for purposes of N.C. Gen. Stat. § 14-208.9A appears

to be an issue of first impression for this Court.

 7
 STATE V. PATTERSON

 Opinion of the Court

 “In North Carolina, the cardinal principle of statutory interpretation is to

ensure that the legislative intent is accomplished.” State v. Huckelba, 240 N.C. App.

544, 559, 771 S.E.2d 809, 821 (2015) (internal quotation marks and citation omitted),

rev’d per curiam on other grounds, 368 N.C. 569, 780 S.E.2d 750 (2015). “Generally,

the intent of the General Assembly may be found first from the plain language of the

statute, then from the legislative history, the spirit of the act[,] and what the act seeks

to accomplish.” Id. (internal quotation marks, brackets, and citation omitted).

Moreover, “criminal statutes are to be strictly construed against the State.” State v.

Raines, 319 N.C. 258, 263, 354 S.E.2d 486, 489 (1987) (internal quotation marks and

citation omitted).

 Article 27A does not define “business day.” Our General Statutes define and

use the term “business day” in various ways, including: (1) any day other than

Saturday, Sunday, or a legal holiday;2 (2) any day other than Saturday, Sunday, or a

legal holiday when the courthouse is closed for transactions;3 (3) any calendar day

 2 See, e.g., N.C. Gen. Stat. § 66-209 (governing invention development services and defining
business day as “any day other than a Saturday, Sunday, or legal holiday”); N.C. Gen. Stat. § 58-87-1
(governing the Volunteer Fire Department Fund and stating, “The Commissioner must award the
grants on May 15, or on the first business day after May 15 if May 15 falls on a weekend or a holiday
. . . .”); N.C. Gen. Stat. § 105-395.1 (governing payment of taxes; “When the last day for doing an act
required or permitted by this Subchapter falls on a [Saturday or Sunday, or a holiday], the act is
considered to be done within the prescribed time limit if it is done on the next business day.”); N.C.
Gen. Stat. § 1A-1, Rule 6 (computing time for civil filings; “When the period of time prescribed or
allowed is less than seven days, intermediate Saturdays, Sundays, and holidays shall be excluded in
the computation.”).
 3 See, e.g., N.C. Gen. Stat. § 1A-1, Rule 6 (computing time for civil filings; “The last day of the

period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday when the

 8
 STATE V. PATTERSON

 Opinion of the Court

except Sunday and legal holidays;4 (4) any calendar day except Sunday and some

designated legal holidays;5 and (5) “a weekday other than one on which there is both

a State employee holiday and neither house is in session.”6 In a dissenting opinion

from our Supreme Court, Justice Beasley (now Chief Justice Beasley) noted in dicta,

“[t]hough not defined in this context by the legislature, we assume that a business

day occurs Monday through Friday during ‘bankers’ hours.’” State v. Williams, 368

N.C. 620, 630 n.3, 781 S.E.2d 268, 275 n.3 (2016) (Beasley, J., dissenting) (addressing

the necessity of including the phrase “within three business days” in an indictment

for failure to timely notify the sheriff of a change of address pursuant to N.C. Gen.

Stat. § 14-208.9). According to state and federal law, “Columbus Day, the second

Monday in October” is declared to be a state and federal legal public holiday. N.C.

Gen. Stat. § 103-4 (11) (2018); 5 U.S.C. § 6103(a) (2018).

 As illustrated by the fact that “business day” is defined and used in various

different ways in our General Statutes, the plain language of N.C. Gen. Stat. § 14-

courthouse is closed for transactions, in which event the period runs until the end of the next day
which is not a Saturday, Sunday, or a legal holiday when the courthouse is closed for transactions.”).
 4 See, e.g., N.C. Gen. Stat. § 143-143.21A (governing purchase agreements and buyer

cancellations and defining business day as “any day except Sunday and legal holidays”); N.C. Gen.
Stat. § 66-232 (entitled the Membership Camping Act and defining business day as “any day except
Sunday or a legal holiday.”).
 5 See, e.g., N.C. Gen. Stat. § 14-401.13 (governing the failure to give right to cancel in off-

premises sale, lease, or rental of consumer goods or services and defining business day as “[a]ny
calendar day except Sunday, or the following business holidays: New Year’s Day, Washington’s
Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans’ Day, Thanksgiving
Day, Christmas Day, and Good Friday.”).
 6 See N.C. Gen. Stat. § 120-33 (governing the duties of the enrolling clerk in the Legislative

Services Commission and defining business day).

 9
 STATE V. PATTERSON

 Opinion of the Court

208.9A(a) is ambiguous—it does not make clear what a “business day” is. We

therefore look to the legislative history of the statute and “the circumstances

surrounding its adoption which throw light upon the evil sought to be remedied.”

Huckelba, 240 N.C. App. at 559-60, 771 S.E.2d at 821 (internal quotation marks and

citation omitted).

 In 1995, North Carolina enacted Article 27A, “requiring individuals convicted

of certain sex-related offenses to register their addresses and other information with

law enforcement agencies.” State v. White, 162 N.C. App. 183, 185, 590 S.E.2d 448,

450 (2004). “The stated purpose of the law is to curtail recidivism because ‘sex

offenders often pose a high risk of engaging in sex offenses even after being released

from incarceration or commitment and . . . protection of the public from sex offenders

is of paramount governmental interest.’” Id. (quoting N.C. Gen. Stat. § 14-208.5).

Registered offenders were required to “sign and return the [form] verifying his or her

current address” within “ten days of receipt.” Id. at 186, 590 S.E.2d at 451 (citing

N.C. Gen. Stat. § 14-208.9A(4) (2003)).

 “In 2006 Congress enacted the Sex Offender Registration and Notification Act

(SORNA) to provide a comprehensive system for nationwide sex offender

registration.” Williams, 368 N.C. at 629, 781 S.E.2d at 274 (citing United States v.

Price, 777 F.3d 700, 703 (4th Cir.), cert. denied, 135 S. Ct. 2911, 192 L. Ed. 2d 941

(2015)) (footnote omitted).

 10
 STATE V. PATTERSON

 Opinion of the Court

 “Congress through SORNA has not commandeered . . . nor
 compelled the state[s] to comply with its requirements.
 Congress has simply placed conditions on the receipt of
 federal funds. A state is free to keep its existing sex-
 offender registry system in place (and risk losing funding)
 or adhere to SORNA’s requirements (and maintain
 funding).”

Williams, 368 N.C. at 629, 781 S.E.2d at 274-275 (quoting United States v. White, 782

F.3d 1118, 1128 (10th Cir. 2015)) (quotations omitted).

 N.C. Session Law 2008-117, effective 1 December 2008 and applicable to

offenses committed on or after that date, substituted “three business days” for “10

days” in N.C. Gen. Stat. § 14-208.9A(a)(2) and (a)(4).7 The session law also

substituted “three business days” for “72 hours” in N.C. Gen. Stat. § 14-208.9A(c). It

is evident from these changes that a “business day” is not synonymous with a “day”

or a 24-hour period—the word “business” imports meaning. See N.C. Dep’t of Corr. v.

N.C. Med. Bd., 363 N.C. 189, 201, 675 S.E.2d 641, 649 (2009) (“[The court] give[s]

every word of the statute effect, presuming that the legislature carefully chose each

word used.”).

 The purpose of the session law was “to amend the sex offender registration

requirements to be more stringent,” 2007 Filed Edition of H933,

https://www.ncleg.gov/Sessions/2007/Bills/House/PDF/H933v6.pdf (last visited June

12, 2019), to comply with SORNA requirements by “shorten[ing] the ‘grace period’

 7 The same or similar substitution was made in sections 14-208.7, 14-208.9, 14-208.27, and 14-
208.28.

 11
 STATE V. PATTERSON

 Opinion of the Court

during which an offender must report an address change” or verify an address.

Williams, 368 N.C. at 630, 781 S.E.2d at 275. Shortening the grace period for

reporting is achieved under even the most expansive statutory definition of business

day which effectively allows six days for reporting (Saturday + Sunday + Holiday +

three weekdays) as opposed to ten (or eleven if the last day of the ten-day period falls

on a Sunday).

 Moreover, Justice Beasley has opined that

 [t]he legislature’s deliberate change from “day” to
 “business day” alleviates confusion for offenders and law
 enforcement. For example, if a defendant’s address
 changes on Thursday, without this business day
 requirement, it would be unclear whether that defendant
 is required to report his change of address to the sheriff by
 the following Sunday or by the following Tuesday.

Id. While this change alleviates confusion regarding whether a defendant is required

to report on Sunday,8 as every statutory definition of business day excludes Sunday,

it did not alleviate confusion in this case regarding whether Defendant was required

to report on Columbus Day, a legal holiday which is excluded from some but not all

statutory definitions of business day.

 The issue of whether Columbus Day was a business day was discussed

extensively in the context of Defendant’s motions to dismiss, the jury charge, and the

arguments allowed to be made in closing. The parties acknowledged that the General

 8 The Supreme Court’s calculation requires an inference that a defendant is not required to
report on a Saturday either.

 12
 STATE V. PATTERSON

 Opinion of the Court

Assembly left the term “business day” undefined and offered various definitions of

the term. The trial court remarked, “I can’t believe that we don’t have any cases in

North Carolina that have looked at how many -- what counts as a business day for

the purposes of determining the limitations in the sex-offender registry statutes.”

 As neither the plain language nor the legislative intent of the statute clearly

assigns meaning to the term “business day,” we analyze N.C. Gen. Stat. § 14-208.9A

under a third and final principle of statutory construction, the rule of lenity. “In

construing ambiguous criminal statutes,” the rule of lenity “requires us to strictly

construe the statute.” State v. Howell, 370 N.C. 647, 659, 811 S.E.2d 570, 577-78

(2018) (internal quotation marks and citations omitted). However,

 [t]he canon in favor of strict construction [of criminal
 statutes] is not an inexorable command to override
 common sense and evident statutory purpose. . . . Nor does
 it demand that a statute be given the “narrowest meaning”;
 it is satisfied if the words are given their fair meaning in
 accord with the manifest intent of the lawmakers.

State v. Raines, 319 N.C. 258, 263, 354 S.E.2d 486, 490 (1987) (quoting United States

v. Brown, 333 U.S. 18, 25-26 (1948)). We hold that the term “business day,” as used

in Chapter 27A, means any calendar day except Saturday, Sunday, or legal holidays

declared in N.C. Gen. Stat. § 103-4. This construction effectuates the purpose of

Session Law 2008-117 to shorten the grace period for reporting, and alleviates

confusion for offenders and law enforcement, thus giving the term its “fair meaning

 13
 STATE V. PATTERSON

 Opinion of the Court

in accord with the manifest intent of the lawmakers.” Raines, 319 N.C. at 263, 354

S.E.2d at 490 (quotation marks and citation omitted).

 In denying Defendant’s motion to dismiss, the trial court explained:

 I do think it’s an issue of fact for the jury to determine
 whether or not there’s been testimony that it was not, in
 fact, a holiday, there’s been testimony that it was. . . . I
 think ultimately, the jury is going have to decide whether
 they consider that that was a business day. I don’t think
 that’s -- I can’t take a judicial notice of the fact that
 Columbus Day is a holiday. It’s not a state holiday. We
 don’t have -- we don’t shutdown -- as far as I know, shut
 down state offices on Columbus Day.

The trial court erroneously concluded that the statutory construction of N.C. Gen.

Stat. § 14-208.9A and the meaning of “business day” is a question of fact for the jury;

it is a question of law for the court. State v. Marino, No. COA18-1135, 2019 N.C. App.

LEXIS 472, at *5 (Ct. App. May 21, 2019) (“Issues of statutory construction are

questions of law which we review de novo on appeal.”) (internal quotation marks,

brackets, and citation omitted). Moreover, the trial court erroneously concluded that

it could not take judicial notice of the fact that Columbus Day is a legal holiday as

“[i]t is generally held that the courts are bound to take judicial notice of what days

are legal holidays.” State v. Brunson, 285 N.C. 295, 302, 204 S.E.2d 661, 665 (1974)

(internal quotation marks and citations omitted).

 Citing Southpark Mall Ltd. P’ship v. CLT Food Mgmt. Inc., 142 N.C. App. 675,

679, 544 S.E.2d 14, 17 (2001) for the proposition the “the term ‘business day’ in a

 14
 STATE V. PATTERSON

 Opinion of the Court

commercial lease is any day the property was open for business[,]” the dissent thus

concludes, “because the Rowan County Sheriff’s Office was open for regular business

to the public on Columbus Day, . . . Columbus Day counted as a ‘business day’ for

purposes of Section 14-208.9A[.]” However here, unlike the imposition of civil liability

in Southpark Mall, the State seeks to impose criminal liability, under a statute that

does not clearly define the term “business day.” N.C. Gen. Stat. § 14-208.9A. Under

the rules of statutory construction, the rule of lenity “requires us to strictly construe

the statute.” Hinton, 361 N.C. at 211, 639 S.E.2d at 440. Moreover, Southpark Mall

is inapposite as it involved the meaning of the term “five (5) days” in a commercial

lease agreement. This Court rejected Defendants’ argument that the phrase “days”

should be construed as “business days,” and concluded that “five (5) days”

unambiguously meant five calendar days. Furthermore, the dissent’s determination

of which “‘public holidays’ in Section 103-4 . . . are clearly ‘business days’” is a

determination for the legislature, not this Court.

 As we hold that a “business day” is any calendar day except Saturday, Sunday,

or legal holidays declared in N.C. Gen. Stat. § 103-4, and Columbus Day is a legal

holiday declared in N.C. Gen. Stat. § 103-4, the trial court erred in denying

Defendant’s motion to dismiss for insufficient evidence where Defendant received the

address verification form on Thursday, 9 October 2014 and appeared in person at the

sheriff’s department to sign the form on Wednesday, 15 October 2014, a period of

 15
 STATE V. PATTERSON

 Opinion of the Court

three business days – excluding Saturday the 11th, Sunday the 12th, and Monday,

Columbus Day, the 13th – after he received the form.

 C. Willful Failure to Return Form

 In light of our holding, we need not reach Defendant’s argument that the trial

court erred by denying his motion to dismiss where there was insufficient evidence

that he willfully failed to return the address verification form within three business

days after receipt.

 III. Conclusion

 As there was insufficient evidence that Defendant willfully failed to return the

verification form within three business days after he received it, the trial court erred

in denying Defendant’s motions to dismiss. Accordingly, we vacate Defendant’s

conviction.

 VACATED.

 Judge INMAN concurs.

 Judge DILLON dissents by separate opinion.

 16
 No. COA18-1052 – STATE v. PATTERSON

 DILLON, Judge, dissenting.

 As explained below, because I conclude that Columbus Day is not a “business

day” under Section 14-208.7 and because the jury found that Defendant’s one-day

tardiness was willful, I dissent.

 Section 14-208.7 requires one with a reportable conviction to register his

address initially within three business days by reporting “in person at the

appropriate sheriff’s office[.]” N.C. Gen. Stat. § 14-208.7 (2014). Section 14-208.9A

requires that person to verify his address every six months by returning a verification

form “in person to the sheriff within three business days after the receipt of the form.”

N.C. Gen. Stat. § 14-208.9A (2014). And Section 14-208.11 makes it a crime for a

person to “willfully” fail to return his verification notice as required in Section 14-

208.9A. N.C. Gen. Stat. § 14-208.11(a)(3) (2014).

 Here, the evidence showed that Defendant received his verification form on

Thursday, 9 October 2014 but did not return the form to the Rowan County Sheriff’s

Office until Wednesday, 15 October 2014, four business days later.

 I. Analysis

 A. Columbus Day is a “Business Day”

 The majority concludes that Defendant’s return of his form was timely because

Monday, 13 October 2014 should not count as one of the business days since it was

Columbus Day. The majority concludes that it was error for the jury to be allowed to

determine that Columbus Day is a business day. I agree with the majority that the
 STATE V. PATTERSON

 DILLON, J., dissenting

meaning of “business days” as used in our General Statutes is a question of law. But

conclude, as a matter of law, that Columbus Day is a business day, in the context of

Section 14.208.9A, for the reasons stated below. Therefore, since I believe that the

jury resolved the issue correctly anyway, any error in allowing the jury to pass on

this issue was harmless in this case.

 I conclude that the term “business days,” as used in these Sections, includes

any weekday that the “sheriff’s office” is open for regular business and may receive a

verification form as required in Section 14-208.9A. See Southpark Mall Ltd. P’ship

v. CLT Food Mgmt. Inc., 142 N.C. App. 675, 679, 544 S.E.2d 14, 17 (2001) (stating

that the term “business day” in a commercial lease is any day the property was open

for business). And because the Rowan County Sheriff’s Office was open for regular

business to the public on Columbus Day, I conclude that Columbus Day counted as a

“business day” for purposes of Section 14-208.9A, which requires one with a

reportable conviction to verify his address by returning a completed verification form

“to the sheriff[.]” N.C. Gen. Stat. § 14-208.9A.

 The majority reasons that Columbus Day is not a “business day,” citing Section

103-4 of our General Statutes, which designates certain days as “public holidays” in

our State. See N.C. Gen. Stat. § 103-4(a)(11) (2014). I do not believe that there is any

ambiguity that the General Assembly did not intend for “business days,” as used in

Section 14-208.9A, to exclude the days it has designated as “public holidays” in

 2
 STATE V. PATTERSON

 DILLON, J., dissenting

Section 103-4(a). Admittedly, some of the public holidays listed in Section 103-4 are

days which would also be considered non-business days for the Rowan County

Sheriff’s Office, such as New Year’s Day, Martin Luther King, Jr.’s Birthday, and

Christmas Day. See N.C. Gen. Stat. § 103-4(a)(1), (1a), and (15).9

 But there are a number of days listed as “public holidays” in Section 103-4

which are clearly “business days” (where they fall on a weekday), which no one would

reasonably expect the Sheriff’s Office to be closed for regular business to the public,

such as Robert E. Lee’s Birthday (January 19), Greek Independence Day (March 25),

Anniversary of the signing of the Halifax Resolves (April 12), Confederate Memorial

Day (May 10), Anniversary of the Mecklenburg Declaration of Independence (May

20), and Election Day (Tuesday after first Monday in November in even-numbered

years). See N.C. Gen. Stat. § 103-4(a)(2), (3a), (4), (5), (6), and (13).10

 Therefore, since the Rowan County Sheriff’s Office was open to the public for

the transaction of regular business on Columbus Day, I conclude that Columbus Day

was a business day under Section 14-208.9A.

 B. There Was Sufficient Evidence that Defendant Acted Willfully.

 I conclude that there was sufficient evidence from which the jury could find

that Defendant’s tardiness was willful. That is, the jury was free to find that

 9 These days are listed on Rowan County’s government website as observed public holidays in
which Rowan County offices are closed.
 10 These days are not included in the list of Rowan County’s observed holidays on its website.

 3
 STATE V. PATTERSON

 DILLON, J., dissenting

Defendant did not act willfully if they had believed his story that he thought

Columbus Day was not a business day. I note, though, that Defendant did testify

that he attempted to call the Sheriff’s Office on Columbus Day, testimony from which

the jury could infer that Defendant understood Columbus Day to be a business day.

The jury made its call, and we should not disturb its determination.

 II. Conclusion

 The General Assembly in its role has enacted a law to make it a crime for one

with a reportable conviction to fail willfully to turn in his verification form in person

at the Sheriff’s Office in his county within three business days.

 The District Attorney’s office in its role decided to prosecute Defendant for

delivering his verification form one day late. State v. Camacho, 329 N.C. 589, 593,

406 S.E.2d 868, 871 (1991) (“The clear mandate of [N.C. Const. art. IV, § 18] is that

the responsibility and authority to prosecute all criminal actions . . . is vested solely

in the several District Attorneys of the State.”).

 The jury in its role resolved conflicts in the evidence and reached a guilty

verdict.

 Perhaps, if I was the prosecutor, I would have chosen not to prosecute

Defendant for returning his verification form one day late. Perhaps, if I was on the

jury, I would have believed Defendant’s story regarding his belief about Columbus

Day and his honest attempts to return his form earlier than he did and, therefore,

 4
 STATE V. PATTERSON

 DILLON, J., dissenting

not found his tardiness to have been willful. But my role as an appellate judge is not

to make such decisions, but rather simply to apply the law. The prosecutor and the

jury have made their decisions and have done so within the perimeters of the law, as

enacted by our General Assembly. Accordingly, my vote is to conclude that Defendant

had a fair trial, free from reversible error.

 5